612 A.2d 1067

**COMMONWEALTH of Pennsylvania**

v.

**Marlin FOUSE, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1992.

Filed Sept. 8, 1992.

---

536

Louis J. Kober, II, Greensburg, for appellant.

Rita D. Hathaway, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before ROWLEY, P.J., and MONTEMURO and HESTER, JJ.

ROWLEY, President Judge.

In this appeal from the judgment of sentence entered in the Court of Common Pleas of Westmoreland County, appellant Marlin Fouse raises the following issues: (1) whether the statute proscribing incest is applicable to a situation involving oral and anal intercourse between a father and his sons; (2) whether the statute proscribing incest is unconsti-

tutionally vague as applied to the present case; (3) whether the prosecutor committed misconduct in her opening and closing statements; (4) whether appellant is entitled to a new trial on the basis of an irrelevant and unduly prejudicial remark by a defense witness; (5) whether appellant was denied due process when his wife testified as a witness for the Commonwealth; and (6) whether the cumulative effect of these errors warrants the granting of a new trial in the interests of justice and due process. After reviewing the record and considering the arguments of the parties, we affirm the judgment of sentence.

On April 12, 1990, appellant was charged with two counts of incest, two counts of involuntary deviate sexual intercourse, two counts of corruption of minors, and two counts of indecent assault. These charges arose from allegations that appellant and his wife had engaged in sexual activities with two of their sons. A jury trial commenced on April 29, 1991. On May 1, 1991, the jury found appellant guilty on all counts. After denying appellant's post-verdict motions, the trial court sentenced him to an aggregate term of imprisonment of twenty-six to fifty-two years. This timely appeal was then filed.

In his first two issues, appellant challenges the application of the incest statute to his case. First, he contends that the statute does not apply to a situation involving oral and anal intercourse between a father and his sons. For the following reasons, we conclude that appellant was properly convicted under the incest statute.

The statute in effect when the crimes at issue were committed provides the following:

A person is guilty of incest, a misdemeanor of the first degree, if he knowingly marries or cohabits or has sexual intercourse with an ancestor or descendant, a brother or sister of the whole or half blood or an uncle, aunt, nephew or niece of the whole blood. The relationships referred to in this section include blood relationships without regard to legitimacy, and relationship of parent and child by adoption.

18 Pa.C.S. § 4302. In *Commonwealth v. Rodriquez,* 343 Pa.Super. 486, 495 A.2d 569 (1985), this Court noted, in dicta, that a sexual assault by an uncle against his nephew appeared to fall within the incest statute. *Id.,* 343 Pa.Superior Ct. at 493–94 n. 3, 495 A.2d at 573 n. 3. Because this dicta is not controlling, we will consider appellant's arguments against application of the incest statute to the present situation.

In his first argument in support of his position, appellant asserts that the purpose of the incest statute is to prevent genetic defects in the offspring which may result from incestuous sexual relations. Therefore, appellant argues, because the activity at issue cannot possibly result in offspring, the purpose of the incest statute is not furthered by applying it to the present situation.

Although the prevention of genetic defects is one rationale underlying the incest statute, this Court has recognized other purposes it serves as well. Specifically, "[t]he incest statute protects children from parental or familial sexual abuse and lessens the chance of genetic defects while promoting the solidarity of the family unit." *Commonwealth v. White,* 341 Pa.Super. 261, 267, 491 A.2d 252, 255 (1985). In a situation involving a father and his sons, there is no chance that genetically-defective children will result from the incestuous activity. Nonetheless, the other two interests, namely, protection of the children and promotion of the solidarity of the family, are no less important in the present situation than in a situation involving family members of the opposite sex.

Furthermore, the incest statute applies equally to adoptive relationships and blood relationships. If the only purpose of the incest statute is to protect against genetic defects, the incest statute would not apply to relationships formed through adoption.

In further support of his position, appellant also contends that because the term "sexual intercourse" is not defined in the incest statute, the statute may be limited to only vaginal intercourse. Therefore, appellant would not be guilty of

incest because he engaged in oral and anal, but not vaginal, intercourse.

 Appellant recognizes that sexual intercourse is defined in the Crimes Code to include oral and anal intercourse. However, he contends that because that definition is located in Chapter 31 of the Crimes Code, titled "Sexual Offenses," it does not apply to the incest statute, which appears in Chapter 43 of the Crimes Code, titled "Offenses Against the Family." Where, as here, the legislature has defined a term in one chapter of the Crimes Code, we decline to conclude that the legislature intended for a different definition to apply where the same term is used in another chapter. Although incest is included in the chapter setting forth offenses against the family, the portion of the statute at issue here also involves sexual offenses. Accordingly, we conclude that the definition of sexual intercourse for purposes of the sexual offenses is equally applicable to the crime of incest.[1]

In addressing this argument, the trial court also relied on the principles of construction set forth in section 105 of the Crimes Code. That section provides:

The provisions of this title shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved....

18 Pa.C.S. § 105. Applying this principle, the trial court determined that incest includes anal and oral intercourse between a father and his sons for the following reasons, with which we agree:

First of all, the definition of sexual intercourse found in *Webster's Ninth New Collegiate Dictionary*, (1987), in-

1. We note that this conclusion does not conflict with the rule of strict construction of penal statutes as that rule "does not mandate that the words of a criminal statute be relegated to their narrowest meaning permissible." *Commonwealth v. Westcott*, 362 Pa.Super. 176, 194, 523 A.2d 1140, 1149 (1987), *allocatur denied*, 516 Pa. 640, 533 A.2d 712 (1987).

cludes 'intercourse involving genital contact between individuals other than the penetration of the vagina by the penis.'

Furthermore, as has been previously stated, the purposes of the statute prohibiting incest, as construed by the Superior Court, are not only genetic integrity but also to protect children from parental sexual abuse and to promote the family unit. Therefore the Court should give to a statute a construction that would promote all of the purposes of the statute. Such a construction requires that this Court find that the crime of incest, as defined in Chapter 43 of the Crimes Code, includes anal and oral intercourse between a father and his sons.

Trial Court Opinion (Caruso, J.), 10/9/91, at 3–4.

■ In addition, we will not presume that the legislature intended an absurd result in enacting a statute. Such results would occur if we were to accept appellant's position. For example, a mother who engaged in vaginal intercourse with her son would be guilty of incest, while a father who engaged in anal intercourse with his son would not be. Similarly, a father who engaged in vaginal intercourse with his daughter would be guilty of incest, but a father who engaged in anal intercourse with his son would not be. Clearly, appellant's proposed interpretation of the statute would result in illogical, as well as arbitrary and discriminatory, results.

For the above reasons, we conclude that the incest statute applies to the present situation. Accordingly, appellant was properly convicted under that statute.

■ In a related issue, appellant contends that the incest statute is unconstitutionally vague as applied to this case. He asserts that "the statute does not give fair warning as to what types of sexual intercourse constitute the crime of Incest." Appellant's Brief at 15. In considering a vagueness challenge, we apply the following standards:

In order to pass constitutional muster 'a criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction.' In addition, the statute must provide a standard for law enforcement officials so as to prevent arbitrary and discriminatory enforcement. However, the constitutional requirement of notice does not serve to 'invalidate every statute which could have been drafted with greater precision,' and statutes under attack are not 'to be tested against paradigms of legislative draftsmanship.'

*Commonwealth v. Tavares*, 382 Pa.Super. 317, 324–25, 555 A.2d 199, 202–03 (1989) (citations omitted), *allocatur denied*, 524 Pa. 619, 571 A.2d 382 (1989). As discussed above, "[i]t is ... very reasonable to believe that the definition [of sexual intercourse] found in Chapter 31 is equally applicable to the crime of Incest in Chapter 43." Trial Court Opinion at 5. We conclude that appellant had fair notice that his acts of engaging in oral and anal intercourse with his sons violated the incest statute.

█ Moreover, we disagree with appellant that "[i]f the statute is not struck down, there will be some people prosecuted for Incest, while others who engage in the same conduct will escape arrest. There will be arbitrary enforcement." Appellant's Brief at 19. Appellant does not explain, and we fail to comprehend, why there will be arbitrary enforcement of the incest statute. In fact, the incest statute at issue became effective in 1973. If there has been arbitrary enforcement, it was incumbent upon appellant to demonstrate that arbitrariness.[2] *See Commonwealth v. Westcott*, 362 Pa.Super. 176, 196, 523 A.2d 1140, 1150 (1987) (statute is presumed to be constitutional and burden of disproving presumption belongs to defendant), *allocatur denied*, 516 Pa. 640, 533 A.2d 712 (1987).

**2.** Appellant apparently argued in the trial court that evidence of arbitrariness is shown by the fact that his wife was not charged with incest. *See* Trial Court Opinion at 6. The trial court appropriately discussed this assertion in its opinion. *Id.*

Appellant next sets forth three allegations of error committed during trial which he asserts warrant a new trial. First, he argues that the prosecutor committed misconduct in both her opening and closing statements.[3] Second, he contends that he is entitled to a new trial because of an irrelevant and unduly prejudicial statement made by a defense witness.[4] Third, he asserts that he was denied due process by the use of his wife's testimony at trial in that she was given substantial incentive to commit perjury.[5] Because these issues have been thoroughly discussed by Judge Caruso in his opinion, we affirm the judgment of sentence on the basis of that opinion. Trial Court Opinion at 6–17.

 Finally, appellant contends that he should be awarded a new trial because of the cumulative effect of the above errors. The trial court has discretion to order a new trial where each individual error can be cured by cautionary instructions, but the cumulative effect of such errors deprives the defendant of a fair and impartial trial. *Commonwealth v. Kramer*, 389 Pa.Super. 136, 566 A.2d 882 (1989). After thoroughly reviewing the record, we conclude that in the present case, appellant was not deprived of a fair and impartial trial. Accordingly, neither the individual errors he sets forth nor the cumulative effect of these asserted errors warrants a new trial.

Judgment of sentence affirmed.

3. Emphasizing various statements, appellant contends that the prosecutor expressed her personal belief in his guilt and attempted to inflame the passions of the jurors.

4. During cross-examination of the victims' brother, the prosecutor asked whether he remembered appellant beating the victims, to which the witness responded, "I remember incidents with Lisa [appellant's daughter], all right." Notes of Testimony, 5/1/91, at 223–24.

5. Appellant's wife was offered a plea bargain by the assistant district attorney who was initially handling her case. Pursuant to that bargain, she would be sentenced only to a term of probation if she would enter a rehabilitation program for sex offenders. Subsequently, the wife's case was assigned to a different assistant district attorney who withdrew the plea offer. At the time of appellant's trial, his wife's case was still pending.