**COMMONWEALTH of Pennsylvania,** Appellee

v.

**Jeffrey Alan EDE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2008.
Filed April 28, 2008.
Reargument Denied June 30, 2008.

**928**

Jeffrey A. Ede, appellant, pro se.

James B. Martin, Asst. Dist. Atty., for Com., appellee.

BEFORE: BENDER, ALLEN, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Jeffrey Alan Ede, filed this *pro se* appeal from the judgment of sentence entered in the Lehigh County Court of Common Pleas following his guilty plea to two counts of recklessly endangering another person (REAP),[1] one count of fleeing or attempting to elude police (Fleeing),[2] and a summary offense of driving while operating privilege is suspended or revoked.[3] We hold 75 Pa.C.S. § 6503 mandates that a sentence of imprisonment for a second-time conviction of Fleeing may not exceed a term of six months. We further hold that the crimes of Fleeing and REAP do not merge for sentencing purposes. Finally, we deny Appellant's claim regarding credit for time served. Accordingly, we affirm in part, and vacate and remand in part.

¶ 2 Police were attempting to serve a bench warrant on Appellant when he began to flee in his vehicle, almost striking an officer in the process. After nearly colliding with a police vehicle, Appellant struck a parked vehicle, fire hydrant, fence, and utility pole. He then fled on foot, but was eventually apprehended. He entered an open guilty plea to the above crimes. The trial court sentenced Appellant to consecutive terms of twelve to twenty-four months' imprisonment for the two REAP convictions and for the Fleeing conviction, resulting in an aggregate term of three to six years' imprisonment.

¶ 3 Appellant filed a *pro se* motion to reconsider sentence, challenging the length of his sentences. The trial court denied his motion. Appellant subsequently filed a *pro se* notice of appeal. Trial counsel filed a motion to withdraw, though she also filed a notice of appeal on Appellant's behalf. This Court dismissed the *pro se* appeal as duplicative of his counseled appeal. After granting counsel's motion to withdraw, the trial court requested Robert Long, Esquire, to consult with Appellant to determine if he wished to proceed with counsel. Attorney Long then filed a motion to withdraw, indicating that Appellant wished to proceed *pro se*. This Court directed the trial court to conduct a *Grazier* hearing.[4] The trial court conducted the hearing and determined that Appellant's request was knowing, intelligent, and voluntary. After several procedural issues were resolved, Appellant filed a *pro se* Pa.R.A.P.1925(b) statement, and the trial court filed its responsive opinion.

¶ 4 Appellant raises the following issues for our review:

1. Did the [trial] [c]ourt impose an illegal sentence, exceeding statutory limits, when it imposed a sentence of twelve to

---

* Former Justice specially assigned to Superior Court.

1. 18 Pa.C.S. § 2705.

2. 75 Pa.C.S. § 3733(a) (2005).

3. 75 Pa.C.S. § 1543(a). The Commonwealth dropped aggravated assault charges as a result of the plea agreement.

4. *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

twenty-four months['] incarceration for Fleeing or Attempting to Elude a Police Officer, when the specific statute governing the particular penal provisions for violations of that statute state that a person convicted for violating the statute may only be sentenced "to imprisonment for not more than six months"?

2. Did the [trial] [c]ourt violate the United States and Pennsylvania Constitutional prohibition against Double Jeopardy and the 'Single Act' and Merger Doctrines of Pennsylvania by imposing a consecutive sentence for the charge of Fleeing or Attempting to Elude Police Officer?

3. Did the [trial] [c]ourt fail to give Appellant all the credit he is entitled to for time spent in custody as a result of the charges for which this prison sentence is imposed?

Appellant's Brief at 2 (parentheticals deleted).

■ ¶ 5 Initially, we note that the Commonwealth has objected to the lack of a Pa.R.A.P. 2119(f) statement in Appellant's brief.

[A] challenge to the discretionary aspects of [a] sentence ... is not automatically reviewable as a matter of right. When making this challenge, an appellant must include in his or her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, [571 Pa. 419] 812 A.2d 617 ([Pa.] 2002); *Commonwealth v. Tuladziecki*, [513 Pa. 508] 522 A.2d 17 ([Pa.] 1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review. *Commonwealth v. Farmer*, 758 A.2d

173, 182 (Pa.Super.2000), *appeal denied*, [565 Pa. 637] 771 A.2d 1279 ([Pa.] 2001). *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa.Super.2004). However, Appellant has phrased his claims in the form of challenges to the legality of the sentences, claims which cannot be waived. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa.Super.2006). Accordingly, we will begin our examination of each issue with a determination of whether that challenge actually implicates the legality of his sentence. If the claim is properly a challenge to the legality of his sentence, then we will proceed to address the merits of his claim; if it is not, then we will find the claim waived for failure to file a Rule 2119(f) statement. *See Montgomery, supra.*

■ ¶ 6 Appellant's first claim is that his sentence of one to two years' imprisonment for Fleeing exceeded the statutory limit for that crime. He contends that, because this conviction was his second for Fleeing, Section 6503 of the Motor Vehicle Code specifically provided that the trial court could not impose a sentence exceeding six months' imprisonment. He asserts the trial court improperly relied on the more general provision for second-degree misdemeanors, rather than the specific provision of Section 6503. We agree.

■ ¶ 7 A claim that a sentence is outside the legal parameters prescribed by statute implicates the legality of that sentence. *Commonwealth v. Vasquez*, 560 Pa. 381, 744 A.2d 1280, 1284 (2000). Thus, Appellant's claim cannot be waived, and we must address its merits. *See Thur, supra.*

■ ¶ 8 The relevant statutes provide:
[75 Pa.C.S.] § 3733. **Fleeing or attempting to elude police officer.**
(a) **Offense defined.**—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude

a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits a misdemeanor of the second degree.

* * *

**[75 Pa.C.S.] § 6503. Subsequent convictions of certain offenses**

**(a) General offenses.**—Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to ... imprisonment for not more than six months ...:

* * *

Section 3733 (relating to fleeing or attempting to elude police officer).

* * *

**[18 Pa.C.S.] § 106. Classes of offenses**

**(b) Classification of crimes.—**

(7) A crime is a misdemeanor of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years.

75 Pa.C.S. §§ 3733(a), 6503(a) (2005);[5] 18 Pa.C.S. § 106(b)(7).[6]

In order to determine the relationship between [ ] two provisions ... a review of the general principles of statutory construction is appropriate. When construing a statute, our objective is to ascertain and effectuate the legislative intent. 1 Pa.C.S.[ ] § 1921(a). "In pursuing that end, we are mindful that 'when the words of a statute are clear and free from all ambiguity, the letter of

it is not to be disregarded under the pretext of pursuing its spirit.'" *Commonwealth v. Shiffler*, [583 Pa. 478] 879 A.2d 185, 189 ([Pa.] 2005) (citing 1 Pa. C.S.[ ] § 1921(b)). "Indeed, 'as a general rule, the best indication of legislative intent is the plain language of a statute.'" *Id.[ ].* "Moreoever, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.[ ] § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant." *Id.* Additionally, when construing a statute, we must begin with a presumption that the General Assembly intends the entire statute to be effective and certain. 1 Pa.C.S.[ ] § 1922(2).

*Commonwealth v. Tareila*, 895 A.2d 1266, 1269 (Pa.Super.2006). Finally, Section 1933 of Pennsylvania's General Provisions addresses conflicting statutes:

**§ 1933. Particular controls general**

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. "Statutes designed to establish proper procedures for sentencing all defendants who commit crimes are gen-

---

**5.** Section 3733 was revised after Appellant's arrest and conviction. For purposes of this appeal, the revisions are not relevant.

**6.** We note that 18 Pa.C.S. § 1104(2) also provides that a conviction for a misdemeanor of

the second degree subjects the defendant to a maximum of two years' imprisonment. Because the Commonwealth relies only on Section 106, we will refer solely to 18 Pa.C.S. § 106(b)(7).

eral provisions." *Commonwealth v. Klingensmith*, 437 Pa.Super. 453, 650 A.2d 444, 447 (1994).

¶ 9 Instantly, Appellant notes that the trial court was aware of his prior conviction of Fleeing. *See* Trial Ct. Op. at 5 ("More recently, in Bucks County, he was again convicted of ... Fleeing or Attempting to Elude Police in a second case. [These] cases happened less than two (2) weeks prior to the instant offenses."). Thus, the court should have considered the instant Fleeing conviction Appellant's second, subjecting him to the penalties prescribed in Section 6503.

¶ 10 The Commonwealth counters that Fleeing is indisputably a second-degree misdemeanor, for which Section 106(b)(7) permits a maximum sentence of two years' imprisonment. However, the Commonwealth does not address Section 6503 in any way, nor does it attempt to resolve the conflict between 18 Pa.C.S. § 106(b)(7) and 75 Pa.C.S. § 6503(a). It is apparent that Section 6503(a) is a provision specifically enacted for those convicted of multiple violations of Section 3733. *See* 75 Pa.C.S. § 6503(a). Sections 3733 and 6503 are both statutes of the Motor Vehicle Code, while Section 106 is part of the Crimes Code. *Compare* 18 Pa.C.S. §§ 106(b)(7), 1104(2), *with* 75 Pa.C.S. § 6503(a). When a statute restricts the punishment allowed for a specifically named crime, that specific provision takes precedence over a statute prescribing the maximum punishment for a general class of crimes. *See* 1 Pa.C.S. § 1933. We recognize that our holding today could lead to the seemingly unique circumstance where a first-time Fleeing offender may receive a sentence of up to two years' imprisonment, but would be subject only to a six-month term if he commits the crime again. *See* 1 Pa.C.S. § 1922(1) (noting presumption that General Assembly did not intend result that is absurd, impossible to execute, or unreasonable). Nonetheless, we do not consider this scenario to rise to the level of an absurd or unreasonable result.

¶ 11 The dissent offers a cogent analysis of the legislative histories of these sections to conclude that the legislature intended for Section 3733's stricter punishment to apply over Section 6503's limitations. As the dissent observes, in 1994, the General Assembly amended Section 3733 to increase the grading of the crime from a summary offense to a second-degree misdemeanor. *Compare* 75 Pa.C.S. § 3733 (1993), *with* 75 Pa.C.S. § 3733 (1995). Nonetheless, under 1 Pa.C.S. § 1933, the special provision prevails unless: (1) the general provision is enacted later; *and* (2) the General Assembly manifests its intention that the general provision should prevail. *See also Harristown Dev. Corp. v. Dep't of Gen. Servs.*, 532 Pa. 45, 614 A.2d 1128, 1134 (1992) ("[E]ven if the [general provision] were more recently enacted, in order for it to control, [the appellant] would have to show that the General Assembly *manifestly* intended for the general provisions ... to control the particular provisions...."); *Commonwealth v. Smith*, 375 Pa.Super. 419, 544 A.2d 991, 997–98 (1988) (noting that even though general provision was enacted "long after" special provision, special provision prevailed because "legislature did not clearly indicate that the former should be given priority"). Moreover, we observe that four years after the relevant amendment of Section 3733, the General Assembly amended Section 6503. *See* 75 Pa.C.S. § 3733 (1998). In this amendment, the General Assembly removed "drivers required to be licensed," 75 Pa.C.S. § 1501(a), from the list of "certain offenses," and in a separate subsection reduced the scope of Section 1501(a) repeat offenses. *Compare* 75 Pa.C.S. § 6503 (1996) (stating that all repeat offenders of

Section 1501(a) shall be subject to stated punishment), **with** 75 Pa.C.S. § 6503(b) (1999) (reducing scope of subsequent Section 1501(a) violations to look-back period of "seven years of the date of commission of the offense preceding the offense for which sentence is to be imposed"). Section 3733, however, remains in the general list, subject to the same sentencing and look-back provisions. *See* 75 Pa.C.S. § 6503(a) (1999). Although a general failure by the legislature to remove conflicting language from the statute would not automatically indicate its intent to keep the provision in force, its failure to alter the terms of Section 3733 subsequent violations, while plainly doing so for Section 1501(a) violations, at the least casts doubt on the manifest intention found by the dissent.[7] Accordingly, we conclude that the specific provision of Section 6503(a) applies, requiring us to vacate Appellant's Fleeing sentence and remand for resentencing on that conviction.

¶ 12 Although we vacate Appellant's Fleeing sentence, we address his next claim because it is implicated in his resentencing. Appellant claims that his consecutive sentences for Fleeing and REAP should have merged because they were part of a single act. He claims that each of these crimes are a result of his "stomping" on the accelerator in reaction to an officer's attempt to arrest him, therefore constituting a single act requiring merger of his sentences. He urges this

Court to adopt a fact-based approach to the merger doctrine. We decline to do so.

¶ 13 Appellant's contention that the offenses should have merged is a challenge to the legality of his sentences. *See Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa.Super.2007) (en banc).[8] Therefore his claim is not waived. The issue Appellant raises, however, is a contentious one. Our courts have examined the merger doctrine extensively in the past fifteen years, to the point where even an enactment by this Commonwealth's Legislature has not clarified all of the appropriate standards of analysis. *See Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815, 818–21 (2006) (citing and quoting 42 Pa.C.S. § 9765; *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978); *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994); *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998); *Commonwealth v. Collins*, 564 Pa. 144, 764 A.2d 1056 (2001); *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890 (2002) (Opinion Announcing Judgment of Court)) (summarizing history of merger analysis in Pennsylvania). In effect, the primary issue in dispute was whether merger analysis requires a fact-based consideration of the elements of the offenses or a strict, element-based approach. *Commonwealth v. Williams*, 920 A.2d 887, 889–90 (Pa.Super.2007) (quoting *Jones, supra*). While the *Jones* majority adopted the former test, Justice Saylor concurred only because the criminal act occurred before enactment of Section 9765.

---

7. It is possible that the continuing conflict of language was an oversight by the General Assembly, but in light of the unambiguous language of newly amended Section 6503(a), we conclude that any speculation into the reasons for the General Assembly's omission would be improper. *See Commonwealth v. Rieck Inv. Corp.*, 419 Pa. 52, 213 A.2d 277, 282 (1965) (noting that courts must interpret a statute by its plain and obvious meaning if its language is clear and unambiguous, even if

court is convinced that legislature intended the contrary).

8. Both the trial court and the Commonwealth address the issue as a challenge to the court's discretion to impose consecutive sentences, which would not raise a substantial question. However, Pennsylvania caselaw has consistently established that merger is a non-waivable sentencing issue. *See Robinson, supra.*

*Jones,* 912 A.2d at 825 (Saylor, J., concurring). However, because Justice Saylor agreed with the dissent's position that Section 9765 now requires a strict, element-based approach, it appears that our Supreme Court has not definitively stated which analysis applies for criminal acts occurring after Section 9765's enactment in 2003. *See Williams,* 920 A.2d at 889 n. 4 (citing *Jones, supra*). As a result, a panel of this Court examined both the lead and dissenting opinions and adopted the dissent's strict, element-based approach. *Id.* at 891.

¶ 14 Unless our Supreme Court or an *en banc* panel of this Court overrules *Williams,* we are bound by that panel's adoption of the strict approach. *Commonwealth v. Smith,* 772 A.2d 75, 78 (Pa.Super.2001) *(en banc), rev'd on other grounds,* 570 Pa. 34, 807 A.2d 890 (2002)). *See also Commonwealth v. Martz,* 926 A.2d 514, 526 (Pa.Super.2007) (adopting *Williams* approach to merger analysis). Accordingly, we rely on the element-based approach of Section 9765, which provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. Thus, "we need to assess whether the charges arose out of a single set of facts **and** whether **all** the statutory elements of one offense coincide with the statutory elements of the other offense." *Martz,* 926 A.2d at 526 (emphases in original). We turn then to the relevant statutes.

¶ 15 Section 3733, at the time of the incident, provided:

> (a) **Offense defined.**—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits a misdemeanor of the second degree.

75 Pa.C.S. § 3733 (2005). On the other hand, Section 2705 provides: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

¶ 16 In examining each crime, we find that each contains an element which the other does not. Fleeing requires a police officer to give a signal for the vehicle to stop, which REAP does not. Meanwhile, REAP requires the action to have placed another person in some possible danger of serious bodily injury or death, which Fleeing does not. *Compare* 75 Pa.C.S. § 3733 (2005), **with** 18 Pa.C.S. § 2705. Therefore, neither crime is completely subsumed within the other. Because Appellant's single act of "stomping" on the accelerator supports separate sentences for both Fleeing and REAP, these sentences do not merge. *See* 42 Pa.C.S. § 9765; *Williams, supra.*

¶ 17 Finally, Appellant contends that he did not receive proper credit for time served. Initially, we note an allegation that the trial court failed to award credit for time served challenges the legality of the sentence, rendering the claim unwaivable. *Commonwealth v. Pettus,* 860 A.2d 162, 164 (Pa.Super.2004).[9] Appellant avers the following:

9. The trial court suggests that a decision on this issue should be reserved for collateral

review because "[A]ppellant's time credit issue is [ ] devoid of information, which pre-

Appellant was incarcerated for the instant charges on 3/24/06, and never posted bail. He remained incarcerated on these charges through sentencing on 8/07/06, however, at sentencing, the Court did not give Appellant credit for all the time he spent in custody as a result of these charges. On 6/29/05, Appellant was arrested for unrelated charges, and was out on bail when he was arrested and incarcerated for these instant charges. On 5/15/06, Appellant was sentenced on these prior charges to 6 months ["]Immediate Work Release[."] However, because Appellant had these instant charges still pending, he was not permitted to start serving the sentence of Immediate Work Release, and consequently, remained incarcerated in Lehigh County Prison "as a result of the (instant) criminal charges for which a (this) prison sentence is imposed or as a result of the conduct on which such charge is based." [ ] 42 Pa.C.S. § 9760(1).... Appellant was not given credit towards this instant sentence from 5/15/06 through 8/07/06. Appellant asserts that, because he remained in custody "as a result of (these) criminal charges[,]" [ ] he is entitled to have this pre-trial/sentencing incarceration credited towards his current sentence for this time spent in custody between 5/15/06 and 8/07/06.

Appellant's Brief at 11–12. Nowhere in his brief does Appellant specify how much time he was credited for time served, nor is this information contained in the record.[10] The only information we have re-

garding Appellant's time-credit is that the trial court ordered "credit be given you, as required by law, for all time spent in custody, as a result of these criminal charges for which sentence is being imposed." Sentencing Order, CR–1507–2006, filed Oct. 20, 2006. It is Appellant's burden to provide all information and the necessary records for our review. *Commonwealth v. Preston,* 904 A.2d 1, 7 (Pa.Super.2006) *(en banc), appeal denied,* 591 Pa. 663, 916 A.2d 632 (Pa.2007). Because we have no information on which to compare the credit given to Appellant with the credit to which he is entitled, and the trial court specifically granted credit for time served to which he is legally entitled, we cannot grant him any relief on this claim.

¶ 18 In conclusion, we vacate Appellant's sentence for Fleeing. On remand, Appellant shall not be sentenced to a term of imprisonment exceeding six months. Further, Appellant's new Fleeing sentence will not merge with his REAP convictions. Finally, the trial court's sentencing orders regarding credit for time spent in custody are affirmed.

¶ 19 Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 20 Judge ALLEN files a Concurring and Dissenting Opinion.

## CONCURRING AND DISSENTING OPINION BY ALLEN, J.:

¶ 1 I agree with the Majority that the crime of fleeing or attempting to elude law

---

cludes consideration of the merits." Trial Ct. Op. at 5. Because this claim implicates the legality of his sentence, we may address Appellant's claim *sua sponte. See Commonwealth v. Randal,* 837 A.2d 1211, 1214 (Pa.Super.2003) *(en banc).*

**10.** We assume that he has the information on how much credit he received, based on his

statement, "Appellant was not able to confirm exactly what time he was being given credit for until he received his ["]status sheet["] at Camp Hill." Appellant's Brief at 2. In the event he does not have this information, he may request it from the Department of Corrections.

enforcement ("fleeing or eluding") does not merge with the crime of recklessly endangering another person. I also agree with the Majority that Appellant has failed to provide this Court with sufficient information to grant him relief on his claim that he is entitled to credit for time served. I, however, disagree with the Majority's decision to vacate Appellant's sentence for fleeing or eluding on the ground that it is illegal under 75 Pa.C.S.A. § 6503. In my view, 75 Pa.C.S.A. § 6503 is inapplicable. Therefore, I would affirm Appellant's judgment of sentence in its entirety.

¶ 2 The Majority contends that Appellant's sentence for fleeing or eluding must be vacated as an illegal sentence. Majority Opinion at 929–31. The Majority bases this contention on the conclusion that "the [trial] court should have considered the instant Fleeing conviction Appellant's second, subjecting him to the penalties described in Section 6503." Majority Opinion at 931. I disagree. Under 75 Pa. C.S.A. § 6503:

> Every person convicted of a second or subsequent violation of [Section 3733] shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both....

75 Pa.C.S.A. § 6503(a).

¶ 3 Section 6503 is a recidivist provision that is designed to enhance the punishment for repeat motor vehicle offenders. *Commonwealth v. Soboleski*, 421 Pa.Super. 311, 617 A.2d 1309 (1992), *appeal denied*, 535 Pa. 661, 634 A.2d 224 (Pa.1993); *Commonwealth v. Bernal*, 411 Pa.Super. 44, 600 A.2d 993 (1992). It is well settled that under a recidivist provision, a prior conviction is " 'any finding of guilt ... prior to the commission of the current offense." 42 Pa.C.S. § 2154(a)(2).' *Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860, 864 (1991), *See also Commonwealth v.*

*McDermott*, 224 Pa. 363, 73 A. 427, 428 (1909), *Commonwealth v. Calio*, 155 Pa.Super. 355, 38 A.2d 351, 351–52 (1944), *Commonwealth v. Eyster*, 401 Pa.Super. 477, 585 A.2d 1027, 1031 (1991) (en banc), *appeal denied*, *Commonwealth v. Larsen*, 529 Pa. 646, 602 A.2d 857 (Pa.1992). Although Appellant asserts that the fleeing or eluding incident in this case constitutes a second or subsequent conviction under Section 6503, this is not supported by the law or the facts of this case.

¶ 4 On March 14, 2006, Appellant was arrested in Quakertown, Bucks County, Pennsylvania and charged at docket number CP-09-CR0003376-2006 ("2006-03376") with aggravated assault, simple assault, recklessly endangering another person, resisting arrest, two counts of fleeing or attempting to elude law enforcement, and drivers required to be licensed. Presentence Investigation Report, 8/07/2006, at 4. In the present case, Appellant was arrested in Lehigh County on March 24, 2006 and charged at docket number CP-39-CR-0001507-2006 ("2006-01507") with escape, three counts of recklessly endangering another person, resisting arrest, two counts of fleeing or attempting to elude law enforcement, driving while operating privilege is suspended, driving under the influence of a controlled substance, accidents involving damage to an unattended vehicle or property, operating a vehicle without required financial responsibility, reckless driving, and two counts of aggravated assault.

¶ 5 On July 10, 2006, Appellant entered a guilty plea at 2006-03376 for simple assault, recklessly endangering another person, resisting arrest, two counts of fleeing or attempting to elude law enforcement, and drivers required to be licensed. On the fleeing or eluding counts, Appellant was sentenced to two concurrent 11½ to 23 month terms of incarceration. On July 12,

2006, Appellant entered a guilty plea in the present case. Since Appellant was not convicted on 2006–03376 until after the offense date in the instant case, 2006–03376 does not constitute a prior conviction under Section 6503. Therefore, Section 6503 is not applicable in this case.

¶ 6 Even if the instant conviction were Appellant's second fleeing or eluding conviction, I would still find Section 6503 inapplicable. The Majority accurately noted that in the present case, there is an irreconcilable conflict between the sentencing of fleeing or eluding as a second or subsequent offense under Section 6503 and the grading of fleeing or eluding as an "offense" under Section 3733. Majority Opinion at 931. In resolving this conflict, we must consider the intent of the General Assembly.

¶ 7 Under the Statutory Construction Act, "[w]henever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." 1 Pa.C.S.A. § 1936. However, a "special [provision] shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. § 1933. Since Section 6503 is a special provision, we must determine which provision was enacted last and the intent of the General Assembly in amending Section 3733 to reconcile the conflict between Section 3733(a) and Section 6503.

¶ 8 In 1994, 75 Pa.C.S.A. Section 3733(a), was amended to make fleeing or eluding a second degree misdemeanor rather than a summary. The relevant portion of Section 6503 has not been amended since 1986.[11] Therefore, Section 3733(a) was enacted last. To determine whether Section 3733(a) controls, we must determine the intent of the legislature.

¶ 9 It is apparent that when Section 6503 was enacted in 1976, the General Assembly intended to enhance punishment for repeat motor vehicle offenders, increasing the maximum punishment for certain summary offenses from a maximum of 90 days' imprisonment to a maximum of one year of imprisonment for each subsequent offense. It is equally clear that in 1994, the General Assembly intended to increase punishment for the offense of fleeing or eluding itself by grading the crime as a second degree misdemeanor, which is punishable by up to two years' imprisonment.[12]

¶ 10 "Where the language of a later statute differs from a prior Act on the same subject, the change of language is significant in determining legislative intent." Commonwealth v. One 1957 Chevrolet Sedan, 191 Pa.Super. 179, 155 A.2d 438, 440 (1959), citing Commonwealth v. One 1939 Cadillac Sedan, 158 Pa.Super. 392, 45 A.2d 406 (1946), Commonwealth v. Moon, 383 Pa. 18, 117 A.2d 96 (1955), See

---

11. Section 6503 was amended in 1986 to change the term of imprisonment from one year to six months. This amendment was drafted in response to the holdings in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) and Commonwealth v. Mayberry, 459 Pa. 91, 327 A.2d 86 (1974), which determined that any offense that carried a punishment greater than six months of imprisonment invokes the Sixth Amendment right to a jury trial.

12. The current version of Section § 3733, which elevates certain offenses of fleeing and eluding to a third-degree felony, became effective three months after the offense date in the instant case. It should be noted, however, that under the Majority's interpretation of Section 6503, a defendant who commits a second or subsequent Section 3733 offense at the third-degree felony level would be limited to a six-month term of imprisonment.

*also Rivera v. Phila. Theol. Seminary of St. Charles Borromeo,* 326 Pa.Super. 509, 474 A.2d 605, 610 (1984) ("It is a rule of statutory construction that [a] change in the language of a statute ordinarily indicates a change in legislative intent.") (citations omitted).

¶ 11 On June 17, 1976, the Pennsylvania General Assembly enacted 75 Pa.C.S.A. § 3733 as follows:

> § 3733. **Fleeing or attempting to elude police officer.**
>
> (a) Offense defined.—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

In 1994, Section 3733 was amended to read:

> (a) Offense defined.—Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given visual or audible signal to bring the vehicle to a stop, commits a misdemeanor of the second degree. Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.

¶ 12 Through this amendment, the General Assembly elevated the offense of fleeing or eluding to a second-degree misdemeanor. The General Assembly has established that "[a] person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than ... [t]wo years in the case of a misdemeanor of the second degree." 18 Pa.C.S.A. § 1104.

By changing the language of Section 3733 to make fleeing or eluding a second-degree misdemeanor rather than a summary offense, the General Assembly indicated its intent to increase the level of punishment for fleeing or eluding. By making Section 3733 a misdemeanor rather than a summary offense, the General Assembly showed its manifest intention that all incidents of fleeing or eluding be punished more severely than a summary offense.

¶ 13 The General Assembly has stipulated that, in "construing legislative intent, the Court may look to the occasion and necessity of a statute, the circumstances in which it was enacted, the mischief to be remedied, the object to be attained by law, former law on the same subject and what the consequences of a particular interpretation would be." *Commonwealth v. Davis,* 421 Pa.Super. 454, 618 A.2d 426, 428–429 (1992), *appeal denied,* 535 Pa. 630, 631 A.2d 1004 (Pa.1993), *citing* 1 Pa.C.S. § 1921(c)(1–6), *Commonwealth v. Snyder,* 385 Pa.Super. 58, 560 A.2d 165 (1989). After considering the occasion and necessity of Section 3733, the mischief it is designed to remedy, the object it aims to attain, and the consequences of the possible interpretations, I conclude that the most reasonable interpretation requires Section 3733 to control the provisions of Section 6503.

¶ 14 It is clear that Section 3733(a) was enacted to deter individuals from leading police on a chase after law enforcement has signaled the driver to stop. It is also clear that the General Assembly enacted Section 6503 to deter offenders from fleeing or eluding after a first conviction. By vacating the sentence imposed by the trial court, the Majority interprets Section 6503 in a manner that is inconsistent with our legislature's intent in enacting Section 6503 and amending Section 3733(a). This interpretation also creates a result that is

illogical, *i.e.*, a first-time fleeing offender under Section 3733 may receive a sentence of up to two years' imprisonment, whereas a subsequent offender is only subjected to a maximum sentence of six months.

¶ 15 One of the most concerning consequences of the Majority's interpretation of Section 6503 involves a defendant who is convicted of third-degree felony fleeing or eluding. When Section 3733(a) was amended to create third-degree felony fleeing or eluding, members of the General Assembly stated:

> Senator M.J. White: … I serve on the Pennsylvania Commission on Sentencing, and one of the complaints I get most frequently from judges and from law enforcement people is that the offense of a high-speed chase is undergraded. It is currently a misdemeanor with a $500 fine. My amendment is upgrading an aggravated offense of fleeing or not stopping for a police officer under two circumstances, when the driver is under the influence of drugs or alcohol, or crosses a State line. My amendment would add a third aggravating factor that would move this into the felony classification, and that is when the driver endangers a law enforcement officer or a member of the general public due to engaging in a high-speed chase. I am told that these chases are extremely dangerous to the public, and I think they should be graded well beyond a $500 fine. …
>
> Senator O'Pake: Madam President, under the gentlewoman's amendment, what would the penalty be?
>
> Senator M.J. White: Madam President, well, it would be a felony of the third degree. I am afraid it has been a long time since I practiced criminal law, so I do not remember what the range of penalties is for that particular offense.

> Senator O'Pake: Madam President, counsel advises that in his opinion, the maximum would be up to seven years in jail.
>
> Senator M.J. White: Madam President, the sentencing guidelines would apply to whatever the minimum and maximum are under criminal law for a felony of the third degree.

Pennsylvania Legislative Journal, Senate, 6/27/2006, at 1839.

¶ 16 Under the Majority's interpretation of Section 6503, a defendant would be limited to a maximum of six months of imprisonment for a second or subsequent third-degree felony fleeing or eluding conviction. This construction is against the intent of Section 6503 and the stated intent of the General Assembly in amending Section 3733(a).

¶ 17 Because Section 3733(a) was enacted after the relevant provision of Section 6503 and expresses our legislature's most recent intent on the penalty to be imposed for the offense of fleeing or eluding, I conclude that Section 3733(a) is the controlling statute in this matter. This Court is required to give a statute the "most sensible construction possible." *Commonwealth v. Berryman,* 437 Pa.Super. 258, 649 A.2d 961, 966 (1994), *appeal denied,* 541 Pa. 632, 663 A.2d 685 (Pa.1995), *citing Commonwealth v. Coleman,* 289 Pa.Super. 221, 433 A.2d 36 (1981). Since we are to operate under the presumption "that the legislature did not intend a result that is absurd or unreasonable," I am unable to conclude that our legislature intended to punish a first-time fleeing or eluding offender more severely under Section 3733 than as a repeat offender under Section 6503. *Id., citing Commonwealth v. Fouse,* 417 Pa.Super. 534, 612 A.2d 1067 (1992), *appeal denied* 535 Pa. 614, 629 A.2d 1376 (Pa.1993). Instead, I conclude that the 1994 amendment to Section 3733 manifests

our legislature's intent that the crime of fleeing or eluding is a second degree misdemeanor and should be sentenced as such, regardless of the sentencing provision of Section 6503.

¶ 18 Ultimately, the Majority's interpretation of the interplay between Sections 6503 and 3733 rewards a defendant for committing the same crime twice. I cannot agree with the Majority's assessment. Hence, I depart from the Majority's conclusion that Appellant is subjected to a maximum sentence of six months' imprisonment under Section 6503. Rather, in my view, the trial court properly sentenced Appellant to one to two years' imprisonment for the crime of fleeing under 75 Pa.C.S.A. Section 3733(a) and 18 Pa.C.S.A. § 1104. As such, I would affirm the judgment of sentence in its entirety.