J-A17016-14

2015 PA Super 33

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NORMAN C. JACKSON | |
| Appellant | No. 1559 EDA 2013 |

Appeal from the Judgment of Sentence April 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008834-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

OPINION BY PANELLA, J.                    **FILED FEBRUARY 17, 2015**

Appellant, Norman C. Jackson, appeals from the judgment of sentence entered on April 19, 2013, by the Honorable William J. Mazzola, Court of Common Pleas of Philadelphia County, following Jackson's conviction of, among other things, rape by forcible compulsion[1] and statutory sexual assault.[2]  On appeal, Jackson argues that the trial court erred when it sentenced him to an additional five years' probation for statutory sexual assault, as the crime should have merged for sentencing purposes with rape by forcible compulsion.  Jackson relies upon the plain language of section 3122.1 to support his argument.  After review, we decline to adopt Jackson's proposed statutory interpretation and affirm his judgment of sentence.

---

[1] 18 Pa.C.S.A. § 3121(a)(1).
[2] 18 Pa.C.S.A. § 3122.1.

Following a bench trial on July 18, 2012, Jackson was convicted of rape by forcible compulsion, statutory sexual assault, indecent assault by forcible compulsion,[3] and simple assault.[4] Jackson raped a minor in broad daylight on a street in Philadelphia. On April 19, 2013, the trial court sentenced Jackson to ten to twenty years' imprisonment for rape, to be followed by a consecutive term of five years of probation for statutory sexual assault. On May 17, 2013, Jackson filed a timely appeal with this Court. Both Jackson and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Jackson raises a single issue for our review:

> Was not the imposition of a consecutive period of five years['] reporting probation on the charge of statutory sexual assault an illegal sentence because the offenses of rape, 18 Pa.C.S. § 3121 and statutory sexual assault, 18 Pa.C.S. § 3122.1, merge for sentencing purposes by virtue of the express language in the statutory sexual assault statute, specifically "[e]xcept as provided in section 3121 (relating to rape)"?

Appellant's Brief at 2 (footnote omitted).

Initially, we note that although Jackson did not raise a challenge to the appropriateness of his sentence in the court below, it is well settled that merger is a nonwaivable challenge to the legality of the sentence. *See Commonwealth v. Peterson*, 49 A.3d 903, 911 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013). Accordingly, we may proceed to address the merits of Jackson's claim.

---

[3] 18 Pa.C.S. § 3126(a)(2).
[4] 18 Pa.C.S. § 2701.

- 2 -

Our examination of this issue is one of statutory interpretation, which is a matter of law. Thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Spence***, 91 A.3d 44, 46 (Pa. 2014).

> When construing a [statutory provision] utilized by the General Assembly in a statute, our primary goal is "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "Every statute shall be construed, if possible, to give effect to all its provisions." ***Id***. However, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. ***Id***. § 1921(b). "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage." ***Id***. § 1903(a). In other words, if a term is clear and unambiguous, we are prohibited from assigning a meaning to that term that differs from its common everyday usage for the purpose of effectuating the legislature's intent. Additionally, we must remain mindful that the "General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." ***Id***. § 1922(1).

***Commonwealth v. Cahill***, 95 A.3d 298, 301 (Pa. Super. 2014).

Notably, Jackson does not argue that sections 3121 (relating to rape) and 3122.1 (relating to statutory sexual assault) merge pursuant to 42 Pa.C.S.A. § 9765, which codifies the merger doctrine.[5] Nor does our case law support such an assertion. In ***Commonwealth v. Parham***, 969 A.2d 629 (Pa. Super. 2009), a panel of this Court expressly held that "[i]n that there are distinct elements that support the crimes of rape and statutory

---

[5] Section 9765 of the Judicial Code states that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense...." 42 Pa.C.S.A. § 9765.

sexual assault, such crimes are not greater and lesser included offenses[,]"

merger of sentences for those crimes is not required. *Id*. at 634. Rather,

Jackson argues that the plain language of the statutory sexual assault

statute signals the Legislature's intent that the two crimes merge for

sentencing purposes.

Statutory sexual assault is defined as:

Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married.

18 Pa.C.S.A. § 3122.1 (1995).[6] In contrast, rape is defined, in pertinent

part, as follows:

**(a) Offense defined.**—A person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant:

(1) By forcible compulsion.

18 Pa.C.S.A. § 3121(a)(1).

In support of his argument that rape and statutory sexual assault

merge for sentencing purposes, Jackson highlights the proviso "[e]xcept as

provided in section 3121 (relating to rape)" that prefaces the statutory

---

[6] The crime of statutory sexual assault was amended on December 20, 2011, by P.L. 446, No. 111, § 1, as part of the Legislature's revisions to provisions relating to registration of sexual offenders pursuant to Federal mandate. The amendment did not alter the proviso at issue herein.

definition of statutory sexual assault in section 3122.1. Jackson argues that the proviso plainly limits the application of section 3122.1 where the crime of rape otherwise applies. Appellant's Brief at 20. Jackson further argues that the proviso signals the Legislature's intent to "merge the less-serious offense of statutory sexual assault with the more-serious offense of rape." Appellant's Brief at 17.

Jackson advances a creative interpretation of the proviso, but it is unavailing. Read plainly, and in context with the language immediately following the proviso, the phrase "[e]xcept as provided in section 3121 (relating to rape), a person commits a felony of the second degree…" refers to the offense grading of the crime—not a wholesale exclusion of rape. Read in its entirety, we find that the unambiguous language merely signals the Legislature's intent that the course of conduct which constitutes statutory sexual assault under section 3122.1 is a felony in the second degree, "except as provided in section 3121 (relating to rape)," where that same conduct constitutes a felony in the first degree. Our interpretation is buttressed by the fact that the Legislature similarly used this proviso to differentiate the offense grading of various sexual crimes in section 3124.1, relating to sexual assault. Section 3124.1 states:

> Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.  The proviso again serves to differentiate that the conduct under section 3124.1 constitutes a felony in the second degree, whereas such conduct under sections 3121 and 3123 is also graded as a felony in the first degree.

In support for his interpretation of the proviso, Jackson relies upon this Court's decision in *Commonwealth v. Duffy*, 832 A.2d 1132 (Pa. Super. 2003).  In *Duffy*, a panel of this Court determined that the elements of the offenses of statutory sexual assault and sexual assault were distinct such that the crimes did not merge for sentencing purposes.  In its discussion, the panel noted that

> the General Assembly specifically excluded rape from the statutory sexual assault statute but failed to exclude sexual assault. From this it may be inferred that the General Assembly wished that a defendant may be convicted of both crimes based on the same conduct. If the Legislature desired that one act could not support statutory sexual assault and sexual assault, it could have expressly excluded sexual assault as it expressly excluded rape; however, the Legislature did not do this.

*Id*. at 1139.  To the extent the panel illustrated the interplay between the rape and statutory sexual assault statutes, this statement was not germane to the resolution of the issue before the court.  It is merely *dicta*, and therefore not authoritative precedent.  *See Commonwealth v. Borrin*, 80 A.3d 1219, 1224 n.10 (Pa. 2013) ("[I]n every case, what is actually decided is the law applicable to the particular facts; all other conclusions are but *obiter dicta*.").  We find this statement is not binding on our decision herein.

We additionally note that in instances where the Legislature has intended that crimes merge for sentencing purposes, it has stated so explicitly. ***See, e.g.***, 18 Pa.C.S.A. § 906 ("A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime."); 18 Pa.C.S.A. § 3502(d) ("A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."). We find the absence of such express language in section 3122.1 telling.

Finally, we find it would be peculiar indeed to sanction an interpretation of section 3122.1 that construes a legislative intent to shield perpetrators of statutory sexual assault from prosecution to the fullest extent available under the law. Absent express legislative intent otherwise, we decline to sanction an interpretation that would effectively confer a bargain to a defendant who forcibly rapes an underage victim, but is then shielded from sentencing for both statutory sexual assault and rape.

Based on the foregoing, we find that the offenses of statutory sexual assault under section 3122.1 and rape under section 3121 do not merge for sentencing purposes. Accordingly, we find the trial court's imposition of an additional five years' probation for the crime of statutory sexual assault was not in error.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2015