J-S45004-15

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ANDREW NOLL, | |
| Appellant | No. 2035 MDA 2014 |

Appeal from the Judgment of Sentence November 4, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002300-2013

BEFORE:  BOWES, WECHT, AND FITZGERALD * JJ.

MEMORANDUM BY BOWES, J:                          **FILED JULY 10, 2015**

Michael Andrew Noll appeals from the judgment of sentence of twenty-five to fifty years imprisonment that was imposed after he was found guilty by a jury of unlawful contact with a minor, corruption of a minor, and two counts of indecent assault.  We affirm.

We first outline the trial court's recitation of the evidence supporting the jury's verdict:

> On August 4, 2013, M.R., a fourteen year old female, spent the day swimming at the confluence of the Susquehanna River and the Conodoguinet Creek, known as the Point, in Enola, Cumberland County, with friends.  She was wearing a tank top and shorts.  Around 4:15 p.m. she was approached by Defendant, whom she had seen riding his bike near the river earlier in the day.  Defendant approached M.R., introduced himself, and asked her if she was from the area.  M.R. told Defendant that she had lived in the area "for like 14 years."  Defendant then asked M.R. if she was 14 years old, to which M.R. replied, "yeah."  Defendant testified that he was 47 years old at the time.  Defendant proceeded to ask M.R. if she knew

_____
* Former Justice specially assigned to the Superior Court.

where a nearby trail led. She explained that the trail led to the arches of a bridge and then forked, with one prong leading to Enola and a park. Defendant asked M.R. if she would walk with him as far as the arches. She initially refused, but Defendant persisted and she eventually acquiesced. . . . However, M.R. only agreed to accompany Defendant half way to the arches, where there is a camp site.

When they arrived at the camp site, Defendant sat down, wanting to talk with M.R. for a little while. Because she did not want to stay long, M.R. told Defendant that she had to be home to babysit her sister by 4:30 p.m., even though this was not true. After talking for a little while with Defendant, M.R. began walking back and Defendant followed. About half way to the trailhead, Defendant sat down again and wanted to talk. M.R. asked Defendant what time it was, and Defendant, after approximately 15 minutes, told her it was 4:50 p.m. M.R. said she had to go and that her dad was probably waiting for her. Defendant asked her to stay and talk, and she [agreed.] She explained at trial that she stayed because she "was probably a little bit scared."

Defendant began to talk about his penis, telling M.R. how big it was. He then began to grab and squeeze "all up and down her legs." M.R. was uncertain whether she told Defendant to stop or simply pulled away from him. Defendant also touched underneath her breasts, the sides of her breasts, and swiped his hand across her breasts, all over her clothes, and lifted up her shirt and touched her stomach. Defendant asked M.R. to turn around, which she did, and then squeezed and bit her butt. Defendant then told her to put her hands on his bike seat, again she complied, and Defendant put his hands on her hips and pressed his hips and penis against her. M.R. told Defendant to stop, and he did.

. . . .

When M.R. attempted to walk away from Defendant, he grabbed her by the arm. She pulled away, and Defendant got on his bike, blocked her path, and grabbed her by the arm again. M.R. pulled away again and began walking faster. She finally made it back to the trailhead where she saw a friend, J.J., fishing. J.J. then walked her home.

- 2 -

M.R. told her father and step-mother what had occurred and subsequently spoke with [police, who also had been dispatched to the area and located and questioned Defendant, who did not cooperate.]

Trial Court Opinion, 2/6/15, at 2-5 (footnotes omitted).

Based upon this evidence, on January 29, 2014, a jury found Appellant guilty of unlawful contact with a minor, corruption of a minor, indecent assault (lack of consent), and indecent assault (complainant under the age of sixteen and defendant more than four years older). Appellant was adjudged a sexually violent predator at a hearing conducted on October 30, 2014. The matter proceeded to sentencing, where Appellant was sentenced as a recidivist to twenty-five to fifty years incarceration; concurrent sentences were imposed on each crime. Appellant also was fined $100. This appeal followed denial of post-trial motions. Appellant raised these positions on appeal:

I. Whether 42 Pa. C.S. § 9718.2, which requires a 25 to 50 year mandatory minimum sentence and which is written in virtually the same language-as-other unconstitutional sentencing statutes, violates due process and sixth amendment protections as set forth in Alleyne and its progeny.

II. Whether the court violated 42 PA. C.S. § 9726 in imposing a fine on a 49-year-old man currently serving a 25 to 50 year sentence of incarceration failing to consider the length of incarceration and concluding the fine was especially adapted to deterring the crime or aid correction of the defendant.

III. Whether convictions for unlawful contact with a minor, 18 PA. C.S. § 6318, and indecent assault under 18 PA. C.S. § 3126(a)(1) and (a)(8) merge for sentencing purposes as the statutory

elements of those offenses are included in statutory elements of the other and arise from a single criminal act.

Appellant's brief at 7.

Appellant's first position is that 42 Pa.C.S. § 9718.2, which outlines sentences for sexual offenders, is unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). A "challenge to a sentence premised upon ***Alleyne*** . . . implicates the legality of the sentence[.]" ***Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa.Super. 2014). An issue relating to the legality of a sentence is a question of law. Therefore, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Melius*** 100 A.3d 682, 684 (Pa.Super. 2014).

In this case, Appellant was sentenced under § 9718.2(a)(1) (emphasis added), which provides:

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, **if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14** or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

That section further states that the fact of a prior offense is not an element of the crime and its applicability shall be determined at sentencing by the sentencing court. 18 Pa.C.S. § 9718.2(c).

Thus, the statute in question is a recidivist provision. In this case, Appellant was sentenced under its provisions due to his prior conviction of a sexual offense. Appellant suggests that the statute is constitutionally infirm under the decision in **Alleyne**. Therein, the United States Supreme Court held the existence of any fact that is necessary to apply a mandatory minimum sentencing provision is an element of the crime rather than a sentencing factor and must be presented to the jury and established beyond a reasonable doubt. **Alleyne** applied the Court's holding in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), which held that the defendant's constitutional right to a jury trial attaches to any fact, other than a prior conviction, that increases the maximum sentence. **Apprendi** thus left intact the Court's prior decision in **Almendarez–Torres v. United States**, 523 U.S. 224 (1998), which rejected the proposition that the fact of a prior conviction constitutes an element of a crime and held that, instead, whether a person has been previously convicted of a crime is a sentencing factor.

We have specifically ruled that the **Alleyne** decision does not apply to any statute imposing a mandatory minimum based upon the existence of a prior conviction. **Commonwealth v. Miller**, 102 A.3d 988, 995 n. 5 (Pa.Super. 2014) (holding that there was no **Alleyne** violation where the

increase in the defendant's minimum sentence was "based on the fact of prior convictions[.]"); *see also Commonwealth v. Valentine*, 101 A.3d 801, 804 n. 2 (Pa.Super. 2014) (citation omitted; emphasis added) ("The **Alleyne** decision renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard."); *see also Commonwealth v. Watley*, 81 A.3d 108 (Pa.Super. 2013) (*en banc*). In this case, Appellant's increased sentence was premised upon the fact of a prior conviction, and his invocation of **Alleyne** therefore fails.

Appellant next challenges the court's imposition of a $100.00 fine under 42 Pa.C.S. § 9726(c), which provides, "The court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." Appellant maintains that, in light of the length of his sentence and age, there is no record evidence that he will be able to pay the fine in question.

This position "raises a question of statutory interpretation, which is likewise a question of law, triggering the same scope and standard of review as that involving the legality of a sentence." *Melius*, *supra* at 684. As we have noted, "[I]mposition of a fine is not precluded merely because the

defendant cannot pay the fine immediately or because he cannot do so without difficulty." **Commonwealth v. Thomas**, 879 A.2d 246, 264 (Pa. Super. 2005).

In the present case, the fine was miniscule and prison employment will be available to Appellant, who is not disabled. Moreover, the court had a presentence investigation report. Based upon the contents of that report, it "determined that Defendant will be able to pay the $100 fine imposed at Count 5, even if not immediately or without difficulty. We note that we did not impose any other fines on Defendant and there is no restitution due at this docket." Trial Court Opinion, 2/5/15, at 12. As the court's determination that Appellant had the financial resources to pay the $100 fine was premised upon the contents of the pre-sentence report, we affirm. **Commonwealth v. Boyd**, 73 A.3d 1269, 1273 (Pa.Super. 2013) (where court had the benefit of a pre-sentence investigation containing information about defendant's educational history, employment history, and existing assets, the PSI "provided the sentencing court with an evidentiary basis upon which to impose a fine.").

Appellant's final averment is that indecent assault and unlawful contact with a minor should have merged for sentencing purposes. The issue of whether offenses merge relates to the legality of the sentence. **Commonwealth v. Jackson**, 111 A.3d 1187 (Pa.Super. 2015). Thus, as with Appellant's first two averments, our standard of review is *de novo* and

our scope of review is plenary. Pursuant to 42 Pa.C.S. § 9765, "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense."

In **Commonwealth v. Evans**, 901 A.2d 528, 536 (Pa.Super. 2006), we specifically held that indecent assault and unlawful contact with a minor did not merge for sentencing purposes since the offenses contain different elements. Additionally, the convictions herein were supported by discrete criminal acts. Appellant touched M.R.'s breasts, squeezed and bit her buttocks, and pressed his penis against M.R. while standing behind her. We therefore reject Appellant's merger position.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015