J.S23039/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALID ABDUL BRAKE, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1877 EDA 2015 |

Appeal from the PCRA Order June 2, 2015
in the Court of Common Pleas of Chester County Criminal Division
at No(s): CP-15-CR-00001675-2008

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 14, 2016**

This matter returns after a prior panel of this Court remanded for determinations of whether (1) Appellant, Khalid Abdul Brake, was abandoned by counsel in his appeal from the denial of his second Post Conviction Relief Act[1] ("PCRA") petition and (2) his third *pro se* PCRA petition seeking reinstatement of that appeal was timely filed. **See Commonwealth v. Brake**, 807 EDA 2014 (Pa. Super. Aug. 29, 2014) (unpublished memorandum at 9). Appellant now appeals *pro se* from the order of the Chester County Court of Common Pleas dismissing his third PCRA petition as untimely filed. He contends (1) he is entitled to a reinstatement of his appellate rights from the dismissal of his second, timely PCRA, (2) all prior

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

PCRA counsel were ineffective, (3) his sentences for rape and statutory sexual assault should have merged, and (4) his trial counsel was ineffective for failing to place sidebar conference on the record and failing to bolster his credibility at trial by asserting he conceded sexual intercourse with the victim, but denied forcible compulsion. We affirm.

This Court previously summarized the procedural history of this appeal.

> A jury convicted Appellant on January 14, 2009, of three counts of indecent assault[2] and one count each of rape,[3] statutory sexual assault,[4] sexual assault,[5] and corruption of minors.[6] On April 22, 2009, the [trial] court sentenced Appellant to an aggregate term of eight and one-half (8½) to twenty (20) years' imprisonment. This Court affirmed the judgment of sentence on November 24, 2010, and Appellant did not seek further review with the Pennsylvania Supreme Court.
>
> On January 5, 2011, Appellant timely filed [a] first PCRA petition *pro se*, alleging trial counsel was ineffective for failing to have the court reporter record sidebars, closing arguments, and jury instructions. Appellant also claimed the court imposed an illegal sentence. The court appointed counsel, who filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Appellant filed a *pro se*

---

[2] 18 Pa.C.S. § 3126(a)(1)-(2), (8).

[3] 18 Pa.C.S. § 3121(a)(1).

[4] 18 Pa.C.S. § 3122.1.

[5] 18 Pa.C.S. § 3124.1.

[6] 18 Pa.C.S. § 6301(a)(1).

response to the "no-merit" letter on May 6, 2011. On May 11, 2011, the [PCRA] court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not respond to the Rule 907 notice, and the court denied PCRA relief on June 6, 2011. That same day, the court permitted PCRA counsel to withdraw. Appellant did not file a notice of appeal.

On August 12, 2011, Appellant filed a second and timely *pro se* PCRA petition. In it, Appellant argued trial counsel was ineffective for failing to present an opening statement. Appellant also re-raised his claim regarding trial counsel's failure to have the court reporter record certain sidebars. On August 24, 2011, the Commonwealth filed an answer asserting Appellant's issues were waived or previously litigated. On August 30, 2011, the court issued [a] Rule 907 notice. Appellant filed a *pro se* response to the Rule 907 notice on September 26, 2011. On September 29, 2011, the court denied PCRA relief.

Appellant timely filed a *pro se* notice of appeal on October 27, 2011. On November 16, 2011, the court appointed counsel [Mark D. Rassman, Esq.,] to represent Appellant on appeal. [Attorney Rassman] subsequently filed on Appellant's behalf a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On January 3, 2012, [Attorney Rassman] filed a motion to withdraw representation, which the PCRA court granted on January 20, 2012. Prior to his withdrawal, [Attorney Rassman] had yet to file a brief with this Court for the pending appeal.

On April 10, 2012, this Court remanded the matter as follows:

AND NOW, this 10th day of April, 2012, counsel having failed to file a brief on behalf of Appellant, despite being so ordered, this appeal is REMANDED for 30 days for a determination as to whether counsel has abandoned [A]ppellant and to take further action as required to protect [A]ppellant's right to appeal. The [PCRA] court shall notify this Court, in writing, within the 30-day period, of all

- 3 -

findings and actions taken thereon. Jurisdiction is retained.

(Order, entered 4/10/12, at 1). On April 27, 2012, the PCRA court re-appointed [Attorney Rassman] and directed him to take the necessary steps to protect Appellant's rights and prosecute the appeal to its conclusion.

On June 5, 2012, [Attorney Rassman] filed a motion for remand with this Court, indicating that the PCRA court's Rule 1925(a) opinion did not address the issues raised in Appellant's counseled Rule 1925(b) statement. [Attorney Rassman] asked this Court to remand the matter for the PCRA court to prepare an opinion addressing the issues raised in the counseled Rule 1925(b) statement. This Court granted the motion and remanded the case on June 26, 2012. On August 27, 2012, the PCRA court filed a supplemental opinion. Thereafter, [Attorney Rassman] failed to file a brief with this Court. This Court dismissed the appeal on December 21, 2012.

On March 3, 2014, Appellant submitted a *pro se* filing styled as a "notice of appeal *nunc pro tunc*." Appellant purported to appeal from the September 29, 2011 order dismissing his second PCRA petition. The filing did not actually resemble a notice of appeal; rather, it included arguments and requests for collateral relief. Specifically, Appellant indicated, "[G]oing *pro se* was not his choice. Due to this case essentially being stuck in limbo, [A]ppellant has no choice but to go *pro se*." (*Pro Se* Notice of Appeal *Nunc Pro Tunc*, filed 3/3/14, at 1). Appellant acknowledged the PCRA court's April 27, 2012 order directing [Attorney Rassman] to represent Appellant throughout the PCRA appeal process. Appellant also recognized [Attorney Rassman's] June 5, 2012 motion for remand. Appellant seemed unaware, however, of this Court's dismissal of his appeal . . . .

\* \* \*

In the remainder of the filing, Appellant re-raised the claims included in his prior PCRA petitions. Appellant also complained that PCRA counsel abandoned him during the prior appeal. In response to Appellant's *pro se* filing, the

- 4 -

PCRA court filed a Rule 1925(a) opinion on May 7, 2014, and it forwarded the certified record to this Court on May 12, 2014.

***Brake***, 807 EDA 2014 at 1-5 (footnote omitted).

This Court thus regarded Appellant's March 3, 2014 filing as a third PCRA petition. We concluded that "a remand [was] necessary to clarify the record and determine the status of" Attorney Rassman. ***Id.*** at 9. Further, the Court observed that "[t]he PCRA court is in the best position to receive and evaluate the evidence regarding the timeliness of Appellant's current request for PCRA relief." ***Id.*** Accordingly, we ordered the PCRA court to decide "whether: (1) any of the three exceptions to the time-bar of the PCRA apply to Appellant's case; (2) his appellate rights should be reinstated *nunc pro tunc* due to counsel's apparent abandonment; (3) and, Appellant should have new counsel appointed or proceed *pro se*." ***Id.***

Following this Court's remand, Appellant, again acting *pro se*, filed a "petition to reinstate *nunc pro tunc*" on September 18, 2014. He asserted he was abandoned by all prior PCRA counsel and restated two of his previous claims for relief, *i.e.*, that the trial court failed to merge rape and statutory sexual assault and trial counsel was ineffective for failing to record sidebar conferences.

On October 24, 2014, the PCRA court entered an order stating that it "appear[ed] . . . that Mark D. Rassman, Esq., previously appointed PCRA counsel has withdrawn" from representation. Order, 10/24/14, at 1. The

court regarded Appellant's September 18, 2014 filing as "an amendment to his second PCRA petition" and appointed new counsel, Steve E. Jarmon, Esq., to represent Appellant. *Id.* The court directed Attorney Jarmon to determine whether (1) Appellant's "appellate rights should be reinstated," (2) Appellant qualified for a PCRA time-bar exception, and (3) the issues raised in Appellant's September 18th filing were previously litigated. *Id.* at 1-2.

On December 19, 2014, Attorney Jarmon filed a petition for leave to withdraw as PCRA counsel and a *Turner*/*Finley* letter. Appellant responded *pro se*, asserting his underlying claims had merit. Notably, Attorney Jarmon's letter did not address the issues presented for remand. The PCRA court, on May 1, 2015, issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition, in which it summarized the procedures following remand and found Appellant's third PCRA petition untimely.

> With respect to the Superior Court's August 29, 2014 Memorandum remanding the case to the [PCRA] court, as directed, we initially considered the need to appoint new PCRA counsel to represent Appellant's interests. On October 24, 2014 we appointed [Attorney Jarmon] as PCRA counsel to represent [Appellant]; however, on December 19, 2014, Attorney Jarmon filed a *Finley* "Petition For Leave To Withdraw As PCRA Counsel" in which he addressed the claims advanced by [Appellant] in his September 18, 2014 petition. Counsel did not specifically consider Appellant's March 3, 2014 petition, since the claims raised there were reiterated in [Appellant's] September 18, 2014 petition. PCRA counsel contemporaneously notified [Appellant] in writing that the substantive claims raised in the latter petition were, in counsel's opinion, without legal merit, explained his

reasoning, and informed [Appellant] of his intention to withdraw as counsel. **Initially, PCRA counsel did not address the timeliness issue**, but addressed the substance of the September 18, 2014 petition. On January 3, 2015, [Appellant] filed a *pro se* response addressed to Attorney Jarmon's concerning his ***Finley*** petition, in which [Appellant] objected to counsel's legal conclusions and requested counsel cite the statute(s) and/or case law supporting counsel's opinion. **Subsequently, Attorney Jarmon wrote to Appellant on January 26, 2015 at the [PCRA court's] direction, seeking information respecting the timeliness of his September 18, 2014 PCRA petition. Appellant did not respond**; however, [Attorney] Jarmon was notified by the Pennsylvania Disciplinary Board that Appellant had filed a claim against him with the Board. On March 12, 2015, Attorney [Jarmon] communicated with the undersigned and requested that we grant his petition to withdraw.

We have also considered the issue of the timeliness of [Appellant's] Ma[r]ch 3, 2014 petition. The PCRA provides the exclusive remedy for post conviction claims seeking restoration of appellate rights due to counsel's failure to file necessary papers in order to maintain viable a [Appellant's] appeal. Unjustified failure by counsel constitutes *per se* "prejudice" for purposes of the PCRA. . . . Instantly, as a consequence of Attorney Rassman's failure to file an appellate brief, Appellant's claims which the [PCRA] court rejected in its January 20, 2012 opinion and supplemental August 27, 2012 opinion have not been adjudicated on appeal, even though Appellant's second PCRA petition was timely filed and he filed a timely appeal from the [PCRA] court's dismissal of his second PCRA petition. The Superior Court's dismissal of his appeal, however, is problematic, in that Appellant took no action to preserve his appellate rights until he filed his manifestly untimely March 3, 2014 *pro se* petition seeking reinstatement of his PCRA appellate rights. **While Appellant's filings would suggest he was unaware that his PCRA appeal had been dismissed by the Superior Court, that information was available to him in the Chester County Clerk of Court's office. Yet, Appellant appears not to have sought such information, since he does not mention it in his**

**September 18, 2014 petition or in his January 7, 2015 letter to Attorney Jarmon; nor, did he inquire of the [PCRA] court about the status of his case. He did not plead or attempt to prove in his March 3, 2014 petition his entitlement to an exception to the one-year filing requirement.**

\* \* \*

. . . Following dismissal of his appeal by the Superior Court, [Appellant] did not seek further relief until he filed his notice of appeal seeking *nunc pro tunc* appellate relief on March 3, 2014, more than 14 months after Superior Court dismissed [Appellant's] appeal on December 21, 2012. The question **thus becomes whether the dismissal was unknown to the [Appellant], or whether he had a reasonable means by which to ascertain the status of his appeal before March 3, 2014 in the exercise of due diligence**. All filings affecting [Appellant's] case were matters of public record in the Office of the Chester County Clerk of Courts. Accordingly, [Appellant's] March 3, 2014 petition, considered as a petition seeking collateral PCRA relief, is patently untimely because [Appellant] cannot successfully prove that the Superior Court's dismissal of his appeal could not have been earlier ascertained by him by the exercise of due diligence in order to bring himself within the foregoing exceptions.

**Considering [Appellant's] failure to respond to Attorney Jarmon's inquiry seeking information on the timeliness of his March 3, 2014 petition and PCRA counsel's inability to secure communication from Appellant on this issue, and further considering [Appellant]'s failure to address compliance with the PCRA's time limitations in his petition**, we find his March 3, 2014 PCRA petition to be untimely, leaving us without jurisdiction to consider his claim or to grant relief to allow him to appeal *nunc pro tunc*.

PCRA Ct. Op. 5/1/15, at 9-13 (citations omitted and emphases added).

Appellant filed a *pro se* response to the PCRA court's Pa.R.Crim.P. 907 notice, asserting he was unaware of the dismissal of his appeal until he received a copy of our August 29, 2014 memorandum. Appellant's Resp., 5/21/15, at 4. He suggested that this Court's August 29, 2014 memorandum decision recommended that he "be granted the right to appeal *nunc pro tunc*" and asserted Attorney Jarmon failed to consider that decision. ***Id.*** at 4. The remainder of Appellant's response focused on his merger and ineffectiveness claims.

The PCRA court, on June 2, 2015, entered the instant order dismissing Appellant's third PCRA petition as untimely and granted Attorney Jarmon's petition to withdraw from representation. Appellant timely filed a notice of appeal. The court did not order a Pa.R.A.P. 1925(b) statement, but filed a supplemental Pa.R.A.P. 1925(a) opinion.

Appellant, in his *pro se* brief, presents the following questions and claims for review:

> Whether once again Appellant's PCRA counsel abandoned Appellant's right to go forward *nunc pro tunc*[?]
>
> Whether the court abused its discretion to allow PCRA counsel to withdraw, [and] not to go with the Superior [C]ourt's recommendat[ion] to allow Appellant to go forward *nunc pro tunc*[?]
>
> Based on testimony by the victim there is no doubt that Appellant['s] charges had to do with the legal interpretation of that one act, making the sentence illegal.
>
> Whether it was ineffective of trial counsel to waive substantive legal matters off the record of sidebars[?]

> Whether it was ineffective of trial counsel not to allow the [j]ury to know before Appellant took the stand, on four charges, that Appellant claimed his innocence of charges and was guilty of others[?]
>
> Appellant is challenging all three counsels who were allowed to withdraw on his PCRA, ineffective and abandonment on all issues.

Appellant's Brief at 6.

We summarize Appellant's arguments as follows. First, he argues that he was abandoned by Attorney Rassman and that a breakdown in court operations should excuse the fourteen-month delay in seeking *nunc pro tunc* relief in the appeal from the denial of his second PCRA petition. *Id.* at 15. He suggests all appointed PCRA counsel were ineffective and abandoned his appellate rights. *Id.* at 9. Second, he contends the trial court impermissibly sentenced him to six and one-half to fifteen years' imprisonment for rape and a consecutive two to five years' imprisonment for statutory sexual assault based on a single criminal transaction. *Id.* at 16. Third, he contends that his trial counsel's failure to have sidebar conferences transcribed deprived him of the ability to take a meaningful appeal. *Id.* Fourth, Appellant asserts that his trial counsel was ineffective for not bolstering his credibility that he and victim engaged in consensual sexual intercourse by emphasizing he intended to plead guilty to, *inter alia*, statutory sexual assault. *Id.* at 29-31. No relief is due.

- 10 -

Our review of an order dismissing a PCRA petition is limited to whether the findings of the PCRA court are supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Our standard of review over the PCRA court's legal conclusions is *de novo*. **Id.**

Preliminarily, we must return to the issues in the present appeal as defined by our prior remand. **See Brake**, 807 EDA 2014 at 9. First, we find no support in the record for the PCRA court's determination that Attorney Rassman appeared to withdraw before or after the dismissal of the appeal from the denial of Appellant's second PCRA petition. There is no indication Attorney Rassman properly sought leave to withdraw or attempted to comply with this Court's requirement to apprise Appellant of the dismissal of his appeal. Thus, we conclude Attorney Rassman abandoned Appellant by failing to file a brief and failing to apprise him of the dismissal of the appeal.

Second, as to the timeliness of Appellant's third PCRA petition,

> Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended [.]" This is to "accord finality to the collateral review process." "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met."

*Miller*, 102 A.3d at 992-93 (citations omitted). The abandonment by counsel on appeal constitutes a previously unknown fact giving rise to a claim for a timeliness exception under Section 9545(b)(1)(ii). However, the petitioner "must also prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007). Moreover, the petitioner must plead the exception within sixty day of when it "could have been presented." *Id.* at 1272 n.11 (discussing 42 Pa.C.S. § 9545(b)(2)). Due diligence is a fact-specific inquiry, even if a matter is of "public record." *See id.* at 1274.

Instantly, the PCRA court determined that Appellant failed to establish due diligence in discovering Attorney Rassman's abandonment and thus failed to plead or prove an exception to the PCRA time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Appellant responded *pro se* to the court's Pa.R.Crim.P. 907 notice, but failed to allege any facts suggesting he exercised due diligence. In light of the foregoing, we have no basis to disturb the PCRA court's determination that Appellant's third PCRA petition failed to plead a PCRA time-bar exception. *See Miller*, 102 A.3d at 992-93.

However, the PCRA court's appointment of Attorney Jarmon following remand is problematic. Although there is no right to counsel on a second or subsequent PCRA petition, the court acted within its discretion to appoint counsel to determine the timeliness of that petition. *See* Pa.R.Crim.P.

904(E); *see also Brake*, 807 EDA 2014 at 9 (permitting PCRA court to appoint counsel). Subsequently, Attorney Jarmon filed a *Turner*/*Finley* letter that failed to consider the issue of timeliness of Appellant's third PCRA petition, and his attorney-client relationship with Appellant broke down after the filing of the no-merit letter. The PCRA court then permitted Attorney Jarmon to withdraw based on a clearly deficient *Turner*/*Finley* letter, without compliance to the court's initial appointment order, and over Appellant's claims of counsel's ineffectiveness in his response to the court's Pa.R.Crim.P. 907 notice.

Given the procedural irregularities following remand, we could also remand this matter again based on the lack of meaningful representation following the appointment of counsel to determine if Appellant's third PCRA petition was timely. *See Commonwealth v. Jackson*, 965 A.2d 280, 283 (Pa. Super. 2009); *cf. Commonwealth v. Karanicolas*, 836 A.2d 940, 946 (Pa. Super. 2003). We decline to do so, however, because this matter does not involve the right to counsel in a first PCRA petition, and because a review of Appellant's underlying claims for relief reveals they are procedurally barred and, in any event, frivolous on their face.

To be entitled to PCRA relief, a petitioner must establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). An issue is "previously litigated" when, in relevant part, "it has been raised and decided in a proceeding collaterally attacking the conviction

or sentence." *Id.* §9544(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

As emphasized above, the procedural posture of this appeal is limited to Appellant's third PCRA petition seeking reinstatement of his appeal from the denial of his second PCRA petition. Thus, were relief granted on that issue we would address only those claims properly presented in his second PCRA petition. However, because Appellant's claims that (1) his sentence was illegal under the merger doctrine and (2) trial counsel was ineffective for failing to transcribe the sidebar conferences were raised in his first PCRA petition and denied by the PCRA court, they have been previously litigated under 42 Pa.C.S. § 9544(a)(3). Further, Appellant's claim that trial counsel was ineffective for emphasizing that he conceded guilt to statutory sexual assault while contesting the element of forcible compulsion for rape under 18 Pa.C.S. § 3121(a)(1) is waived for failure to raise it in his first PCRA petition. *See* 42 Pa.C.S. § 9544(b). Thus, Appellant's claims are procedurally barred.

In any event, Appellant's claims are also frivolous. This Court has repeatedly held that rape by forcible compulsion and statutory sexual assault do not merge, even if they arise from a single incident. *See* *Commonwealth v. Jackson*, 111 A.3d 1187, 1188-89 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1199 (Pa. 2015); *Commonwealth v. Parham*, 969 A.2d 629, 634 (Pa. Super. 2009). Appellant's claim that trial counsel

was ineffective for failing to transcribe sidebar conferences with his court relies on sheer speculation that he suffered prejudice. Appellant's contention that trial counsel failed to emphasize he admitted consensual sexual intercourse but denied forcible compulsion wholly ignores that the jury had the benefit of his own testimony at trial to that effect.

Thus, we conclude that a remand the appointment of counsel would be futile, *cf. Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) (noting that "[t]he law does not require the performance of a futile act"), and affirm the order dismissing Appellant's third PCRA petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2016