J-S16041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS LEE DIVITTORE, | : | |
| | : | |
| Appellant | : | No. 1019 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 31, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001413-2017

BEFORE:  OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 10, 2019**

Dennis Lee Divittore ("Divittore") appeals from the judgment of sentence imposed following his guilty plea to one count each of burglary, unlawful restraint, possessing an instrument of crime ("PIC"), and simple assault.[1]  We affirm.

The trial court concisely summarized the relevant facts underlying this appeal as follows:

> [In the early morning hours of February 23, 2017, Divittore] entered the home of Alieski Sanchez [(hereinafter, "the victim"),] through a window[,] while wearing a ski mask and carrying a pry bar.  After entering the home, [Divittore] went to the victim's bedroom and jumped on top of her.  A struggle between the victim and [Divittore] ensued.  During the course of the struggle, the victim was struck with the pry bar [Divittore] was carrying, which resulted in significant bruising on her face, neck, and knees. [Divittore] then left the victim's home and later returned [that same day].  Again, a struggle ensued and the victim was left to

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 2902(a)(1), 907(a), 2701(a)(1).

grab a knife in order to protect herself. [The police apprehended Divittore that same day.]

Trial Court Opinion, 9/24/18, at 3 (citations to record omitted).

After the Commonwealth charged Divittore with the above-mentioned charges, on March 29, 2018, he entered an open guilty plea to all counts. Prior to sentencing, the trial court ordered the preparation of a pre-sentence investigation report ("PSI").

On May 31, 2018, the trial court sentenced Divittore on his respective convictions as follows: burglary – four to eight years in prison; PIC – one to two years in prison; unlawful restraint – two years of probation; simple assault – no further penalty. The trial court ordered the sentences to run consecutively. At the sentencing hearing, the trial court observed that the sentence it had imposed for burglary was "a couple of months higher than the standard range" of the applicable sentencing guidelines. N.T., 5/31/18, at 13. However, the court stated that it believed an aggravated-range sentence was appropriate "based on the victim impact as well as the safety of society[.]" *Id.*

On June 11, 2018, Divittore filed a post-sentence Motion for reconsideration of his sentence, asserting that it was excessive and unduly harsh, where the trial court failed to consider his rehabilitative needs and did not state sufficient reasons for the sentence on the record. After the trial court denied this Motion, Divittore timely filed a Notice of appeal, followed by

a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Divittore now presents the following questions for our review:

I. Whether the trial court committed an abuse of discretion when it sentenced Divittore to an aggregate period of incarceration of not less than five (5) years to no more than ten (10) years at a state correctional institut[ion,] followed by two years of probation?

II. Whether the trial court illegally sentence[d] Divit[t]ore on [unlawful restraint,] as said [conviction] merged with [the burglary conviction,] according to the Criminal Information[?]

Brief for Appellant at 4 (issues numbered).

In his first issue, Divittore argues that the trial court abused its discretion by imposing a manifestly excessive aggregate sentence, where the court failed to adequately consider Divittore's rehabilitative needs, history and character. **See id.** at 6-8, 12-16.

Divittore challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal.[2] **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it in a timely post-sentence motion, he must (1) include in his brief a concise

_____

[2] The open guilty plea Divittore entered permits him to challenge the discretionary aspects of his sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (explaining that, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his/her sentence).

statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) demonstrate that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.  **Hill**, 66 A.3d at 363-64.

Here, Divittore included a Rule 2119(f) Statement in his brief.  **See** Brief for Appellant at 6-8.  Accordingly, we will examine the Rule 2119(f) Statement to determine whether a substantial question exists.  **See Hill**, **supra**. Divittore asserts as follows:

> Divit[t]orre's sentence of five … to [ten] years of state incarceration is excessive, unreasonable and constitutes too severe a punishment[,] in light of the rehabilitative needs of Divit[t]orre[,] where the punitive measures inherent in this sentencing scheme could have been accomplished with the imposition of a lesser sentence.  Specifically, Divi[t]torre asserts [that] the sentencing court failed to consider his relevant history and characteristics at sentencing when it departed from the standard range of the sentencing guidelines.

Brief for Appellant at 7-8.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); **see also** 42 Pa.C.S.A. § 9781(b).

Here, Divittore's above-mentioned claims present a substantial question for our review.  **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa.

- 4 -

Super. 2015) (*en banc*) (stating that "an excessive sentence claim—in conjunction with an assertion that the [trial] court failed to consider mitigating factors—raises a substantial question.") (citation omitted); ***Commonwealth v. Bonner***, 135 A.3d 592, 604 (Pa. Super. 2016) (holding that a claim that appellant's standard-range consecutive sentence was excessive, and the trial court failed to consider appellant's rehabilitative needs, raises a substantial question). Accordingly, we will address the merits of Divittore's claims.

We review discretionary aspects of sentence claims under the following standard: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted). A sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his or her crime. ***Commonwealth v. Walls***, 846 A.2d 152, 154-55 (Pa. Super. 2004). The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence, providing that

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Importantly, the sentencing court in the instant case had the benefit of a PSI. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)). In discussing **Devers**, this Court in **Ventura** explained as follows:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors.

**Ventura**, 975 A.2d at 1135 (citation omitted).

Because the sentencing court here confirmed that it had reviewed Divittore's PSI prior to sentencing him (**see** N.T., 5/31/18, at 12, and Sentencing Order, 5/31/18), it is presumed that the court considered all mitigating factors, including Divittore's rehabilitative needs, character and history. **See Ventura**, **supra**. Moreover, the sentencing court stated as follows in support of its rejection of Divittore's excessiveness of sentence challenge:

- 6 -

[T]his [c]ourt explicitly stated that it was sentencing [Divittore] to a few months higher than the standard range because of the impact on the victim and for the protection of the public. In arriving at this decision, this [c]ourt considered all of the evidence presented before it by both the Commonwealth and [Divittore]. This [c]ourt believes that the information presented to it was sufficient to warrant the sentence that it [imposed]. Facts relevant to this [c]ourt's aggravated[-]range sentence included: (1) [Divittore] entered the home of the victim wearing a ski mask and carrying a pry bar[;] (2) [Divittore] entered the victim's bedroom and jumped on top of her[;] (3) the victim suffer[ed] significant bruising on her face, neck, and knees as a result of a struggle between herself and [Divittore;] (4) [Divittore] reenter[ed] the victim's home after initially leaving, and the victim had to defend herself by using a knife[.] In light of this evidence, this [c]ourt chose not to ignore the appalling nature of this crime and instead chose to impose a sentence it believed to be proper.

In addressing [Divittore's] assertion that this [c]ourt failed to consider his history and characteristics at his sentencing, we believe that [Divittore's] history and characteristics were adequately considered. At [Divittore's] sentencing[,] this [c]ourt allowed [Divittore] to speak and provide a letter he wrote on his behalf. Additionally, this [c]ourt allowed [Divittore's] former girlfriend to speak on his behalf[,] and allowed [Divittore's] counsel to speak on behalf of [Divittore's] brother. This [c]ourt was aware of and considered the fact that [Divittore] was a caretaker to his [elderly] mother. While this [c]ourt considered all of these factors in sentencing [Divittore], they were simply not enough to detract from the heinous nature of [Divittore's] crime.

Trial Court Opinion, 9/24/18, at 4-5 (citations to record omitted).

The sentencing court's foregoing analysis is supported by the record, and we discern no abuse of the court's discretion, nor do we find its sentence unreasonable or excessive, particularly in light of the seriousness of Divittore's

actions.[3]  Accordingly, Divittore's challenge to the discretionary aspects of his

sentence entitles him to no relief.

In his second issue, Divittore contends that his burglary and unlawful

restraint convictions should have merged for sentencing purposes, and

therefore, his sentence is illegal and must be vacated.  **See** Brief for Appellant

at 10-12.  We disagree.

The Crimes Code provides that

[a] person commits the offense of burglary if, with the intent to
commit a crime therein, the person … enters a building or occupied
structure … that is adapted for overnight accommodations in
which[,] at the time of the offense[,] any person is present and
the person commits … a *bodily injury crime* therein[.]

18 Pa.C.S.A. § 3502(a)(1)(i) (emphasis added); **see also id.** § 3502(e)(1)

(defining "bodily injury crime," in relevant part, as "[a]n act, attempt or threat

to commit an act which would constitute a misdemeanor or felony under …

Chapter 27 (relating to assault)[,]" or "Chapter 29 (relating to kidnapping).").

Notably to Divittore's claim, subsection 3502(d) (hereinafter, the "multiple

convictions provision") provides that "[a] person may not be sentenced both

for burglary and for the offense which it was his intent to commit after the

burglarious entry[,] or for an attempt to commit that offense, unless the

---

[3] We note that at sentencing, the victim testified to the impact that Divittore's crimes had upon her emotionally, stating that even though one year had elapsed, Divittore's actions "mar[red] [her] entire life forever[,]" and she "still can't be around people so much because [she] is so scared."  N.T., 5/31/18, at 3.

additional offense constitutes a *felony* of the first or second degree." ***Id.***

§ 3502(d) (emphasis added); ***see also Commonwealth v. Diaz***, 867 A.2d

1285, 1288 (Pa. Super. 2005) (holding that theft that occurred during course

of burglary merges with corresponding burglary).

Here, Divittore argues that

simple assault is a misdemeanor under Chapter 27, and unlawful restraint is a misdemeanor[4] under Chapter 29; therefore, both would constitute a "bodily injury crime." Both crimes are misdemeanors of the second degree; therefore, in accord with [the multiple convictions provision], Divittore may not be sentenced for both burglary and for either simple assault or unlawful restraint.

Brief for Appellant at 12 (footnote added, some capitalization omitted).

"[A] claim that crimes should have merged for purposes of sentencing

challenges the legality of a sentence and, thus, cannot be waived."

***Commonwealth v. Parham***, 969 A.2d 629, 631 (Pa. Super. 2009).

Therefore, "our standard of review is *de novo* and our scope of review is

plenary." ***Commonwealth v. Quinta***, 56 A.3d 399, 400 (Pa. Super. 2012).

The merger doctrine mandates that

[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

---

[4] The Criminal Information in this case incorrectly stated that the count of unlawful restraint, under 18 Pa.C.S.A. § 2902(a)(1), was graded as a second-degree felony. In actuality, subsection (a)(1) grades the offense as a first-degree misdemeanor.

42 Pa.C.S.A. § 9765. Thus, merger is prohibited "unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

In its Opinion, the trial court cogently addressed Divittore's claim as follows:

> Here, the charges of burglary and unlawful restraint did not arise from a single criminal act. [Divittore] entered the victim's home on the evening in question, wearing a ski mask and carrying a pry bar; two facts that demonstrate he was entering the home for the purpose of burglarizing it. Additionally, it was [*Divittore's*] *counsel* who made it clear at sentencing that [Divittore] had lost his job [prior to the incident] and was drinking on the night of the incident; seemingly attempting to assert that [Divittore had] entered the home with the intent to find valuables and *not attack the victim*. It was not until [Divittore] entered the victim's bedroom and jumped on top of her, that she was unlawfully restrained. Her attempts to resist his restraint was a *wholly different crime* from the initial burglary. Put more simply, the burglary was the initial crime and it was not until after that, when the victim attempted to get away from [Divittore,] that she was unlawfully restrained. Therefore, it is this [c]ourt's belief that the crimes of burglary and unlawful restraint did not arise from one single criminal act[,] but instead[,] from two separate ones.
>
> In addressing the second requirement under [42 Pa.C.S.A. § 9765, ***supra***], the statutory elements of burglary and unlawful restraint are not the same, as evidenced by the definitions below. Even if the … crimes of burglary and unlawful restraint did arise out of the same criminal act, there is no denying that neither the crime of burglary nor unlawful restraint possess the same statutory elements.
>
> Under 18 Pa.[C.S.A.] § 3502[(a)(1)(i),] a burglary occurs when:

> with the intent to commit a crime therein, the person …
> enters a building or occupied structure … that is adapted
> for overnight accommodations in which[,] at the time of
> the offense[,] any person is present and the person
> commits … a bodily injury crime therein[.]
>
> Under 18 Pa.[C.S.A.] § 2902[(a)(1),] unlawful restraint occurs
> when:
>
> a person … knowingly restrains another unlawfully in
> circumstances exposing him to risk of serious bodily
> injury[.]

Trial Court Opinion, 9/24/18, at 5 (emphasis added).

We agree with the trial court's foregoing rationale, which is amply supported by record and the law, and therefore affirm on this basis in rejecting Divittore's legality challenge, **see id.**, with the following addendum.

Contrary to Divittore's argument, the multiple convictions provision is unavailing to his claim of merger. That provision states, in relevant part, that "[a] person may not be sentenced both for burglary and for *the offense which it was his intent to commit after the burglarious entry* …." 18 Pa.C.S.A. § 3502(d) (emphasis added).[5] On this matter, the trial court found as follows: "[Divittore] entered the [victim's] home with the *intent to find valuables and not attack the victim*. … [The victim's] attempts to resist his restraint was a

---

[5] In the instant case, the Information did not specify what particular crime Divittore intended to commit after his illegal entry into the victim's residence. **See Commonwealth v. Alston**, 651 A.2d 1092, 1095 (Pa. 1994) (stating that, "to secure a conviction for burglary," the Commonwealth need not even "allege or prove what particular crime [a]ppellant intended to commit after his [illegal] entry into [a] private residence.").

- 11 -

*wholly different crime from the initial burglary*." Trial Court Opinion, 9/24/18, at 5 (emphasis added); *cf. Commonwealth v. Benchoff*, 700 A.2d 1289, 1294 (Pa. Super. 1997) (holding that it is not permissible for trial court to sentence defendant for both burglary and simple assault, where simple assault is the offense which defendant intended to commit upon gaining entry into the victim's house). Therefore, the multiple convictions provision is inapplicable to the count of unlawful restraint against Divittore, and his second issue thus fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/10/2019